IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

              Plaintiff,                            ORDER

      v.                                    3:08-cv-000072-bbc

GREG GRAMS, JANEL NICKEL, DANIEL
RADTKE, VINCENT BASS, CHRISTINE KOSS,
CALLIE RYAN, PHIL KINGSTON, CATHY JESS,
MICHAEL THURMER, MICHAEL MEISNER,
DONALD STRAHOTA, CAPTAIN MELI, CAPTAIN
BRUCE MURASKI, CAPTAIN HOLM, CAPTAIN
O'DONOVAN, CAPTAIN GEMPLER, CAPTAIN
WIERENGA, LT. DANIEL BRAEMER, BRUCE
SIEDSCHLAG, KIM BAUER, LT. GREFF, SERGEANT
KELLY BEASLEY, SERGEANT LIND, SERGEANT NAVIS,
SERGEANT BENJAMIN HILBERT, SERGEANT DAHLKE,
C.O. BEAHM, C.O. JEREMY STANIEC, C.O. SCHMIDT,
C.O. MEDEMA, C.O. GENSCH, C.O. PONTOW, C.O. BOUEE,
C.O. GLAMMIN, C.O. ROSS, DR. RALPH FROELICH, DR.
GARY ANKARLO, DR. DEBORAH FISCHER, DR. GEORGE
KAEMMERER, C.O. TANNER, JOHN MACDONALD, BELINDA
SCHRUBBE, KIM SCHMIDT, FRANCES JENNINGS,
DR. SUMNICHT, NEVIN WEBSTER, CHARLENE REITZ,
CHAPLAIN FRANCIS P.,C.O. LARSEN, C.O. COUILLARD,
MARK ZIMONICK, LT. SWIEKATOWSKI, SARAH COOPER,
WARDEN WILLIAM POLLARD, MICHAEL BAENEN,
PETER ERICKSON, C.O. SCHILLER, CAPTAIN LESATZ,
DR. T. HAMILTON, CAPTAIN HEITZMAN, SERGEANT
RETZLAFF, C.O. KINNEY, C.O. LIERMA, C.O. GRIFFIN,
C.O. LUESKOW, DR. HEIDERN, DR. STEVEN SCHMIDT,

1

RICK RAEMISCH, JOHN BETT, DAN WESTFIELD,
KEVIN POTTER, KATHRYN ANDERSON, JESSICA
CLARK, WISCONSIN DEPARTMENT OF CORRECTIONS,
DIVISION OF ADULT INSTITUTIONS, STATE OF WISCONSIN
and JOHN AND JANE DOE EMPLOYEES OF WCI,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Plaintiff Jeremy M. Wine is a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin.  He has filed a proposed complaint and paid the $350.00 filing fee. However, because he is a prisoner, plaintiff's complaint is subject to screening under 28 U.S.C. § 1915A.  I have reviewed plaintiff's complaint and conclude that it must be dismissed at the outset because it violates both Fed. R. Civ. P. 8 and Fed. R. Civ. P. 20.

   Plaintiff's complaint comprises 69 pages of single-spaced text and 22 "exhibits." There are 47 numbered paragraphs of factual allegations, all of them lengthy (one paragraph is 13 pages long; most are at least a page long).  There are 77 defendants and a host of unrelated claims levied at various individual defendants or groups of defendants.  A cursory review of the substance of the complaint reveals that plaintiff's factual allegations concern conduct or incidents that took place between at least November 2006 and January 18, 2008 at no fewer than three different state correctional institutions. Plaintiff attempts to explain the basis for his alleged injuries in a rambling narrative that criss-crosses from one year to another and from one institution to another.  Plaintiff complains about alleged sexual

2

assaults by some defendants, and denial of legal materials, property, due process at disciplinary hearings, and medical treatment by others. He challenges the general conditions of his confinement at one or more of the institutions in which he has been confined, about some defendants' use of force and about harassment by still others. At times, it is impossible to discern how the defendants to whom he refers were involved personally in the conduct about which he complains.

Fed. R. Civ. P. 8. requires that a complaint 1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . .; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought . . . ." Pursuant to Rule 8(d), "each allegation must be simple, concise, and direct." With the exception of the fact that plaintiff has included at the end of his complaint a demand for relief, his complaint utterly fails to meet these prerequisites.

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. Id.; 3A

3

Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978).  If the requirements for joinder of parties have been satisfied under Rule 20, only then may a plaintiff join unrelated claims against one or more of the same defendants.  Fed. R. Civ. P. 18; Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).

In George v. Smith, 507 F.3d 605 (7th Cir. 2007), the court of appeals ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit.  Plaintiff appears to be attempting to do just that.  Therefore, although I will allow him to submit a proposed amended complaint for this court's consideration, if his proposed amended complaint violates Rule 20, I will sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits.  Of course, if plaintiff fails first and foremost to draft his amended complaint so that it complies with Rule 8, I will simply dismiss the complaint in its entirety and close this case.  There will be no need to consider further whether the complaint violates Rule 20 as well.

## ORDER

IT IS ORDERED that plaintiff's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.  Plaintiff may have until February 29, 2008, in which to submit a

proposed complaint that conforms to the requirements of Fed. R. Civ. P. 8 and 20, as explained above. If, by February 29, 2008, plaintiff fails to file the required amended complaint or show cause for his failure to do so, then this case will be dismissed without prejudice for plaintiff's failure to prosecute.

    Entered this 11th day of February, 2008.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge