IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                Plaintiff,                              ORDER

        v.                                       3:08-cv-000072-bbc

GREG GRAMS, JANEL NICKEL, DANIEL
RADTKE, VINCENT BASS, CHRISTINE KOSS,
CALLIE RYAN, PHIL KINGSTON, CATHY JESS,
MICHAEL THURMER, MICHAEL MEISNER,
DONALD STRAHOTA, CAPTAIN MELI, CAPTAIN
BRUCE MURASKI, CAPTAIN HOLM, CAPTAIN
O'DONOVAN, CAPTAIN GEMPLER, CAPTAIN
WIERENGA, LT. DANIEL BRAEMER, BRUCE
SIEDSCHLAG, KIM BAUER, LT. GREFF, SERGEANT
KELLY BEASLEY, SERGEANT LIND, SERGEANT NAVIS,
SERGEANT BENJAMIN HILBERT, SERGEANT DAHLKE,
C.O. BEAHM, C.O. JEREMY STANIEC, C.O. SCHMIDT,
C.O. MEDEMA, C.O. GENSCH, C.O. PONTOW, C.O. BOUEE,
C.O. GLAMMIN, C.O. ROSS, DR. RALPH FROELICH, DR.
GARY ANKARLO, DR. DEBORAH FISCHER, DR. GEORGE
KAEMMERER, C.O. TANNER, JOHN MACDONALD, BELINDA
SCHRUBBE, KIM SCHMIDT, FRANCES JENNINGS,
DR. SUMNICHT, NEVIN WEBSTER, CHARLENE REITZ,
CHAPLAIN FRANCIS P.,C.O. LARSEN, C.O. COUILLARD,
MARK ZIMONICK, LT. SWIEKATOWSKI, SARAH COOPER,
WARDEN WILLIAM POLLARD, MICHAEL BAENEN,
PETER ERICKSON, C.O. SCHILLER, CAPTAIN LESATZ,
DR. T. HAMILTON, CAPTAIN HEITZMAN, SERGEANT
RETZLAFF, C.O. KINNEY, C.O. LIERMA, C.O. GRIFFIN,
C.O. LUESKOW, DR. HEIDERN, DR. STEVEN SCHMIDT,

RICK RAEMISCH, JOHN BETT, DAN WESTFIELD,
KEVIN POTTER, KATHRYN ANDERSON, JESSICA
CLARK, WISCONSIN DEPARTMENT OF CORRECTIONS,
DIVISION OF ADULT INSTITUTIONS, STATE OF WISCONSIN
and JOHN AND JANE DOE EMPLOYEES OF WCI,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On February 11, 2008, I entered an order dismissing plaintiff's complaint because it is in violation of Fed. R. Civ. P. 8 and 20. Now plaintiff has filed a motion to appoint counsel, a motion for preliminary injunction or temporary restraining order, two motions to amend his complaint and a motion for emergency injunction, all of which appear to have crossed in the mail with the order dismissing his complaint. Because it would be inappropriate to decide plaintiff's motions to appoint counsel and for preliminary injunctive relief in the absence of a viable pleading defining the claims on which plaintiff is proceeding, I will not take any action on these motions or any future motions until plaintiff files a complaint that conforms to the requirements of Fed. R. Civ. P. 8 and 20. Neither of plaintiff's current motions to amend his complaint satisfies the requirements, because neither is accompanied by a proposed amended complaint. Rather, in his motion to amend, plaintiff asks to add to his list of 77 defendants five more individuals. In his second motion, he asks to add yet another eight. This must stop. Plaintiff's complaint is already too big and confusing to pass inspection under Rules 8 and 20. Making it bigger gets plaintiff nowhere.

In addition to peppering the court with motions, plaintiff has filed four letters under his own signature and arranged for seven fellow inmates to send letters of their own relating to a variety of issues involving plaintiff. Plaintiff should be aware that the court cannot take any action to resolve the complaints he is making in the context of letters. The formal rules that govern how courts receive and hear a litigant's complaints are designed to insure that the issues are clearly defined at the outset in one formal document, the complaint, so that both sides have a fair opportunity to gather relevant evidence present relevant legal arguments. This means there must be only one complaint clearly listing plaintiff's claims, and not a series of claims raised in a complaint and then different letters and motions filed after the complaint.

I will note that in one of his letters, plaintiff stated that he is entertaining suicide as an option for handling his distress over the unfair treatment to which he perceives he is subjected. As plaintiff is surely aware, suicide is a drastic and irrevocable act. In this court's experience, what feels hopelessly oppressive one day can seem far less so another day. Every life is valuable, including plaintiff's. I encourage him to work with the mental health professionals at the institution to search out positive ways of coping with his sadness.

Finally, plaintiff should be aware that the court cannot accept for filing in his case documents or letters that are submitted by persons who are not parties to the suit. The parties are solely responsible for submitting at the proper time (usually in connection

with a motion for summary judgment or at trial) evidence relating to the claims being heard in the case.

## ORDER

IT IS ORDERED that plaintiff's motions for appointment of counsel and for immediate injunctive relief are DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motions to amend his complaint are denied because they are premature and not in the proper form.

Entered this 15th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge