IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

               Plaintiff,                                    ORDER

        v.                                         :08-cv-000072-bbc

GREG GRAMS, JANEL NICKEL, DANIEL
RADTKE, VINCENT BASS, CHRISTINE KOSS,
CALLIE RYAN, PHIL KINGSTON, CATHY JESS,
MICHAEL THURMER, MICHAEL MEISNER,
DONALD STRAHOTA, CAPTAIN MELI, CAPTAIN
BRUCE MURASKI, CAPTAIN HOLM, CAPTAIN
O'DONOVAN, CAPTAIN GEMPLER, CAPTAIN
WIERENGA, LT. DANIEL BRAEMER, BRUCE
SIEDSCHLAG, KIM BAUER, LT. GREFF, SERGEANT
KELLY BEASLEY, SERGEANT LIND, SERGEANT NAVIS,
SERGEANT BENJAMIN HILBERT, SERGEANT DAHLKE,
C.O. BEAHM, C.O. JEREMY STANIEC, C.O. SCHMIDT,
C.O. MEDEMA, C.O. GENSCH, C.O. PONTOW, C.O. BOUEE,
C.O. GLAMMIN, C.O. ROSS, DR. RALPH FROELICH, DR.
GARY ANKARLO, DR. DEBORAH FISCHER, DR. GEORGE
KAEMMERER, C.O. TANNER, JOHN MACDONALD, BELINDA
SCHRUBBE, KIM SCHMIDT, FRANCES JENNINGS,
DR. SUMNICHT, NEVIN WEBSTER, CHARLENE REITZ,
CHAPLAIN FRANCIS P.,C.O. LARSEN, C.O. COUILLARD,
MARK ZIMONICK, LT. SWIEKATOWSKI, SARAH COOPER,
WARDEN WILLIAM POLLARD, MICHAEL BAENEN,
PETER ERICKSON, C.O. SCHILLER, CAPTAIN LESATZ,
DR. T. HAMILTON, CAPTAIN HEITZMAN, SERGEANT
RETZLAFF, C.O. KINNEY, C.O. LIERMA, C.O. GRIFFIN,
C.O. LUESKOW, DR. HEIDERN, DR. STEVEN SCHMIDT,

1

RICK RAEMISCH, JOHN BETT, DAN WESTFIELD,
KEVIN POTTER, KATHRYN ANDERSON, JESSICA
CLARK, WISCONSIN DEPARTMENT OF CORRECTIONS,
DIVISION OF ADULT INSTITUTIONS, STATE OF WISCONSIN
and JOHN AND JANE DOE EMPLOYEES OF WCI,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Jeremy M. Wine is a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin. On February 11, 2008, I dismissed plaintiff's complaint because it violated both Fed. R. Civ. P. 8 and Fed. R. Civ. P. 20. In the order, I advised plaintiff that his complaint failed to meet the prerequisites of Fed. R. Civ. P. 8 because it did not explain his claims in short and plain statements and that it appeared to violate Fed. R. Civ. P. 20 as well, because he was naming 77 different defendants for unrelated actions taken at several different institutions over a period of several years. Now, plaintiff has filed a proposed amended complaint. Unfortunately, it, too, violates Rules 8 and 20.

  The amended complaint is 71 pages in length as opposed to the original complaint's 69 pages. The 47 lengthy paragraphs in the original complaint now appear as 176 shorter paragraphs. Twenty-nine new defendants have been added to the previous list of 77 defendants. Again, plaintiff offers a rambling narrative of everything that has happened to him in the last two years at three different state correctional institutions. His complaint remains an excessively wordy and confusing document that the defendants cannot

2

reasonably be expected to answer.  Therefore, I must dismiss it for the same reason I dismissed the original complaint.

Plaintiff should be aware that this will be the last time I will offer him an opportunity to divide his claims in compliance with Rule 20 and make his allegations simple in compliance with Rule 8.  If plaintiff's next proposed amended fails to comply with this order, I will dismiss his case in its entirety with prejudice. Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) (dismissal with prejudice justified if complaint remains incomprehensible after opportunity to amend).

Two other matters requires comment.  First, in the February 15, 2008 order, I noted that plaintiff had filed a number of letters in which he appeared to be making additional factual allegations and asking for additional relief from the court, apart from the factual allegations and requests for relief he included in his complaint.  I told plaintiff that his letters cannot be considered as part of the complaint and that he must put his allegations and requests for relief in one complaint or, if need be, in several separate complaints making up different lawsuits.  Despite this instruction, plaintiff has submitted three more letters, a motion for an extension of time to file an amended complaint and a motion to amend his complaint in addition to the amended complaint I have already discussed.  These letters and motions will not be considered.  Plaintiff must understand that this case cannot proceed and provide him any possibility of relief until he files a complaint that complies with the Federal

3

Rules of Civil Procedure to which defendants can respond. To the extent that plaintiff states again that he is entertaining suicide as an option for handling his distress, I again encourage plaintiff to work with the mental health professionals at the institution to search out positive ways of coping with his problems.

Finally, I note that in a letter dated February 25, 2008, plaintiff advised the court that he has been transferred to the Racine Correctional Institution, Sturtevant, Wisconsin. The address will be changed in the court's record.

ORDER

IT IS ORDERED that plaintiff's amended complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8 and 20. Plaintiff may have until March 21, 2008, in which to submit a proposed second amended complaint that conforms to the requirements of these rules. If, by March 21, 2008, plaintiff fails to file a second amended complaint that may

4

be accepted as the operative pleading in this case, I will dismiss this case in its entirety with prejudice.

Entered this 4th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge