IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                                            ORDER

                        Plaintiff,                          08-cv-72-bbc

            v.

C.O. PONTOW; C.O. MEDEMA; C.O. ROSS;
SGT. LIND; C.O. GLAMMAN; C.O. BOVEE;
SGT. KELLY BEASLEY; and  SGT. NAVIS,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this case plaintiff is proceeding on claims that:

        a. defendants Medema, Pontow, Beasley, Ross, Glamman and Bovee assaulted him on November 13, 2007 and then threw urine on him; and

        b.  defendants Navis, Lind, Pontow, Medema, Bovee and Glamman refused to let plaintiff shower after he had been doused with urine.

A number of plaintiff's other claims and defendants that had been named in plaintiff's complaint were dismissed in orders dated April 16, 2008 and April 29, 2008, either because the claims lacked legal merit or because they had been joined improperly in this lawsuit under Fed. R. Civ. P. 20.  At the present time, plaintiff's complaint is being served on the

1

remaining defendants.  One final matter requires attention at this time.

On March 7, 2008, before this court entered its orders of April 16 and April 29, 2008, plaintiff filed a document titled "Motion for Emergency Injunction Temporary Restraining Order" (Dkt. #24).  In his motion, plaintiff asked for an order restraining defendants from 1) transferring him from the Racine Correctional Institution to the Wisconsin Secure Program Facility; and 2) requiring that he be seen twice a week "out of cell" by a psychologist Jennifer Spotts.

With respect to plaintiff's second request, there is no basis for considering in the context of this lawsuit whether he has a constitutional right to the mental health treatment he wants.  As noted above, this lawsuit is limited to plaintiff's claim that he was subjected to the use of excessive force on November 13, 2007 and treated in a manner that runs afoul of contemporary standards of decency.  Plaintiff has dismissed voluntarily all of his other claims, including a claim that he was being denied mental health treatment.  Therefore, his motion for preliminary injunctive relief requiring prison officials to arrange for him to be seen twice a week out of his cell by a psychologist Jennifer Spotts will be denied.

Likewise, plaintiff's first request for preliminary injunctive relief will be denied. When a plaintiff files a lawsuit and later contends that the defendants are retaliating against him for filing that lawsuit, it is this court's practice to require the retaliation claim to be raised in a lawsuit separate from the one that is alleged to have provoked the retaliation.

2

The reason for this is twofold.  First, it prevents an accumulation of unrelated claims in a single lawsuit, which is in any event forbidden by Fed. R. Civ. P. 20.  Second, it would be futile for the plaintiff to amend his complaint to add such a claim, because the claim would be vulnerable immediately to dismissal for his failure to comply with the exhaustion requirements of 28 U.S.C. § 1997e.  In <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532, 535 (7th Cir.  1999), the Court of Appeals for the Seventh Circuit held that a claim brought in federal court by a prisoner before administrative remedies have been exhausted must be dismissed.  A district court lacks "discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  <u>Id.</u>  It would be impossible for plaintiff to exhaust his administrative remedies before filing his lawsuit on a claim that did not arise until after he filed his lawsuit.  Therefore, if plaintiff wants to raise a claim that prison officials are retaliating against him for filing this lawsuit, he will have to do so in a separate lawsuit after he exhausts his administrative remedies.

ORDER

IT IS ORDERED that plaintiff's "Motion for Emergency Injunction Temporary Restraining Order" (Dkt. #24) is DENIED.

Entered this 7th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4