IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                     ORDER

     Plaintiff,             08-cv-72-bbc

 v.

C.O. PONTOW; C.O. MEDEMA; C.O. ROSS;
SGT. LIND; C.O. GLAMMAN; C.O. BOVEE;
SGT. KELLY BEASLEY; and  SGT. NAVIS,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is a civil action in which plaintiff was allowed to proceed on his Eighth Amendment claims that defendants C.O. Medema, C. O. Pontow, Sgt. Kelly Beasley, C.O. Ross, C.O. Glamman and C. O. Bovee assaulted plaintiff on November 13, 2007 and then threw urine on him and that defendants Sgt, Navis, Sgt. Lind, C. O. Pontow, C. O. Medema, C. O. Bovee and C. O. Glamman refused to let plaintiff shower after he had been doused with urine.

   Now before the court is a letter from plaintiff dated May 16, 2008 that I construe as a motion for immediate injunctive relief.  In his motion, plaintiff asserts that staff at the Racine Correctional Institution took away all his legal documents relating to this case

1

including his papers, files and court orders. He believes that the staff is trying to keep him from litigating this lawsuit.

To the extent that plaintiff is contending that prison officials are retaliating against him because he filed this lawsuit, it is the policy of this court to require motions for a preliminary injunction against such alleged retaliation to be presented in a lawsuit separate from the one which is alleged to have provoked it. This is to avoid the complication of issues that can result from an accumulation of claims in one action. The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. In this case, plaintiff asserts that is being physically prevented from prosecuting this case because institution staff have taken his legal documents relating to this case. It is not reasonable to expect plaintiff to be able to prosecute his case or defend against a motion for summary judgment if he cannot refer to his file of the case. However, if the separation from his papers is only temporary, plaintiff may not be entitled to injunctive relief. Because it is difficult to determine from plaintiff's letter whether the separation from his legal documents is temporary, I will ask counsel for the defendants to look into the matter and submit a letter to the court explaining when plaintiff may expect to receive into his possession his legal papers pertaining to this case. Once I know more about plaintiff's particular situation, I will decide what action to take, if any, with respect to plaintiff's motion for a preliminary injunction.

2

ORDER

IT IS ORDERED that a decision whether plaintiff Jeremy Wine is entitled to emergency injunctive relief is STAYED with respect to plaintiff's claim that he is being denied access to his legal papers in this case. It is requested that no later than June 11, 2008, defense counsel advise the court in writing how long plaintiff may expect to remain separated from his papers so that the court can determine whether the separation is physically preventing plaintiff from prosecuting this case.

Entered this 27th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge