IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY M. WINE,

                Plaintiff,                ORDER

   v.

                                            08-cv-72-bbc

C.O. PONTOW, *et al.*

                Defendants.

---

Before the court is plaintiff's motion to compel discovery (dkt. 47) which defendants oppose (dkts. 48-50). For the reasons stated below I am granting the motion in part and denying it in part.

This is a prisoner civil rights lawsuit that started as a 69-page, single spaced diatribe against 77 defendants at three correctional institutions alleging a litany of horrors from November 2006 through the filing date in late January 2008. This court dismissed that complaint and told plaintiff not to come back until he could submit a complaint that complied with F.Rs. Civ. Pro. 8 and 20. *see* dkt. 9. Plaintiff responded by filing a *longer* complaint against 108 defendants. Not surprisingly, the court dismissed this complaint as well. *See* dkt. 22. Plaintiff filed a second amended complaint; it was enough of an improvement that the court did not dismiss it outright. The court tossed out most of the defendants and claims, divided the remaining claims into four distinct lawsuits and directed plaintiff to choose the one on which he wished to proceed. *See* dkt. 31.

Plaintiff chose to proceed with his claim that on November 13, 2007, some of the defendants beat plaintiff then threw urine on him, while other defendants refused to allow him to shower and refused to provide medical treatment. The court threw out the failure-to-treat claim and dismissed all but seven of the defendants. *See* dkt. 33.

Plaintiff's in-your-face response to his incarceration has caused a state court judge to brand him a liar and to order the WDOC to advise other courts of plaintiff's prevarication.[1] In his letter to the AAG over the instant discovery dispute, plaintiff announced his intent to "continue to talk down to you" and to double his $10,000 settlement demand every month until trial.[2] *See* letter attached to dkt. 47. In a taunting letter to the AAG, plaintiff closes with "obviously a man in your position has no problem with wasting taxpayers['] money to defend [guilty] and malicious clients and lose anyways in the end. Have a nice day." *See* Dkt. 49, Exh. 101. I mention all these things at the front end not to poison the well, but to protect against it: in the face of plaintiff's grandiose belligerence, it is important for this court and for the AG's office to remain appropriately dispassionate when considering the merits of plaintiff's motion.

*Appropriately* dispassionate: howsoever abused plaintiff claims to be at the hands of state actors, he still must comport with minimum standards of civility in his prosecution of this lawsuit. Taking gratuitous shots at the AAG assigned to defend this case does not comport with minimum standards of civility. If plaintiff does not clean up his act, then this court will sanction him.

---

[1] The court stated:

> Jeremy Wine gave false testimony before this Court. This John Doe petition must be considered frivolous under any standard.
>
> I find that Jeremy Wine filed this petition solely to harass or intimidate the Department of Corrections employees. His statements are simply lies.

April 20, 2008 Order, Circuit Court for Brown County (Attachment to dkt. 32, U.S. Dist. Ct. Case No. 08-cv-173-bbc).

[2] Which would culminate in a settlement demand in May 2009 of $10,240,000.

In his motion to compel plaintiff asks this court to require defendants to provide better answers to Interrogatories 3 - 6, 9, 12, 29, 37 and 41.  Defendants have responded to each request in turn, explaining the reasons underlying its responses.  *See* dkt. 48 at 2-11.

Taking both sides' submissions into account, I find that the state has provided adequate responses to Interrogatories 3 - 6.  If plaintiff were significantly to narrow Interrogatories 4 - 6 then it might be easier for defendants to provide any relevant information that might exist.  Cutting to the chase, *sua sponte* I am directing that if any of the named defendants in the past five years has had an allegation of excessive force against an inmate sustained against him or her in a disciplinary decision or a court decision, then this information must be provided to the court *ex parte* for *in camera* review to determine if this information should be disclosed to plaintiff pursuant to F.R.Ev. 404(b).  If no such determinations exist, defendants should so report.

With regard to Interrogatory 9 defendants are reading the request too narrowly.  It would be discoverable evidence if defendants had a motive, such as retaliation, to use excess force against plaintiff.  If any defendant was aware prior to November 13, 2007, that plaintiff had filed complaints against him or her alleging assault or harassment, then each defendant must report, to the best of his or her recollection, what he actually knew at that time.  If the institution prepared and still possesses any written reports to any of the defendants alerting them prior to November 13, 2007 to plaintiff's allegations against that defendant, then these reports must be disclosed as well.  If any defendant was aware of any special instructions prior to November 13, 2007 about how to handle plaintiff if restraint or force was deemed necessary, then each defendant must report what he or she recalls.  If the institution prepared any documents prior November 13, 2007 requiring different treatment of plaintiff in the event staff intervention was deemed necessary, then copies of any such documents also must be disclosed.  These instructions to defendants also would apply to Interrogatory 29, which is a narrower, more specific variation of Interrogatory 9.

3

To the same effect, each defendant must answer Interrogatory 12 based on his own recollection, using ordinary commonsense definitions of the terms "act out physically against you," "threat [you with] physical harm," and ""try to physically harm . . . you," rather than the all-encompassing definition that defendants suggest is militated in a prison environment. Plaintiff seems to expect a "no" answer from each defendant, which he suggests would bolster his claim of overreaction; whether he's correct as to the answer he will get or whether it proves his point is debatable, but he is entitled to a yes/no answer.

Interrogatory 37 asks for a list of inmates housed in segregation on November 13, 14 or 15 so that he can look for eyewitnesses. Defendants respond that no such list still exists and explains why not. Although it would seem that a secure institution would have the ability to determine which inmates were in a particular unit on a particular day, if defendants' answer is that the institution does not have this ability, then the court cannot order the production of evidence that does not exist. If, however, the defendants are relying on semantics by arguing more narrowly that no "list" exists, that could be a different story. Defendants should confirm to the court that the information sought is not available. If it is available without undue burden, then the information should be provided to plaintiff.

Interrogatory 41 asks if defendants ever have undergone treatment for psychological conditions or mental illness. Such a request for highly confidential information on such a speculative basis is cynical and ironic considering that plaintiff strongly objected to (and prevailed against) a similar request made of him in his other pending lawsuit. Further, as defendants point out, plaintiff would have no means by which to make use of this evidence even if it existed.

4

ORDER

It is ORDERED that plaintiff's motion for protection is GRANTED IN PART and DENIED IN PART in the manner and for the reasons stated above.

Entered this 5th day of September, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge