IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                                                               MEMORANDUM

                 Plaintiff,                              08-cv-72-bbc

     v.

C.O. PONTOW; C.O. MEDEMA; C.O. ROSS;
SGT. LIND; C.O. GLAMMAN; C.O. BOVEE;
SGT. KELLY BEASLEY; and  SGT. NAVIS,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action in which plaintiff was allowed to proceed on his Eighth Amendment claims that defendants C.O. Medema, C. O. Pontow, Sgt. Kelly Beasley, C.O. Ross, C.O. Glamman and C.O. Bovee assaulted him on November 13, 2007 and then threw urine on him and that defendants Sgt, Navis, Sgt. Lind, C. O. Pontow, C. O. Medema, C. O. Bovee and C. O. Glamman refused to let plaintiff shower after he had been doused with urine.

Now before the court is a letter from plaintiff received September 11, 2008, in which plaintiff responds to the magistrate judge's September 5, 2005 order granting in part and denying in part plaintiff's motion to compel.  Plaintiff objects to the magistrate judge's

1

having anything to do with his case. However, pursuant to 28 U.S.C. § 636(b)(1(A), I have designated the magistrate judge to hear and determine pretrial matters in al civil cases assigned to me including discovery motions. This section of the statute allows me to reconsider any magistrate judge's pretrial order that has been shown to be clearly erroneous or contrary to law.

Although plaintiff does not ask me to reconsider the magistrate judge's September 5, 2008 order, he expresses concerns that the magistrate judge's statements at page 2 of his order concerning plaintiff's conduct are based on the magistrate judge's inappropriate <u>ex parte</u> communications with the assistant attorney general who represents the defendants. Plaintiff is mistaken. The information to which the magistrate judge refers at page two of his order was not received from the defendants' counsel. It is clear from the order that the magistrate judge is referring to a state court judge's opinion that was attached to dkt. # 32 in another of plaintiff's cases, <u>Wine v. Pollard</u>, 08-cv-173-bbc. In addition, the magistrate judge refers to a letter that plaintiff wrote to defense counsel and filed in this case as an attachment to dkt. # 47. Plaintiff has presented no evidence that the magistrate judge had <u>ex parte</u> communications with defendants' counsel.

In his letter, plaintiff states, "if the court is going to play favoritism games and have ex parte communications with the defendants' counsel without me present and opportunity given to be heard and object then I am going to kill myself." Because there is no basis for

plaintiff's belief that the magistrate judge is biased towards him or that the magistrate judge had ex parte communications with defendants' counsel, there is no reason for plaintiff to turn to drastic measures to find consolation. In this court's experience, what feels hopelessly oppressive one day can seem far less so another day. Plaintiff's life is as valuable as any other life. I encourage him to work with the mental health professionals at the institution to search out positive ways of coping with his feelings concerning unfair treatment.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3