IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY M. WINE,

                Plaintiff,                              ORDER

v.

                                                                          08-cv-72-bbc

C.O. PONTOW, *et al.*

                Defendants.

---

      Before the court is plaintiff's motion to for a protective order (dkt. 58) and defendant's competing motion to compel discovery (dkt. 60) regarding whether plaintiff must sign a form authorizing defendant's counsel to access his medical records, which are maintained by the Wisconsin Department of Corrections. For the reasons stated below I am granting defendant's motion and denying plaintiff's.

      What remains of plaintiff's original claims after screening are his claims that on November 13, 2007, some of the defendants beat plaintiff then threw urine on him and other defendants refused to allow him to shower after he had been doused with urine. As part of his claim, plaintiff is seeking damages for the injuries he received from the November 13, 2007 incident. Defendants seek access to plaintiff's medical records to determine what injuries plaintiff reported to the Health Services Unit as a result of the beating. Plaintiff does not attempt to argue that his medical records are irrelevant or privileged. Instead, he seeks a protective order and opposes defendant's motion to compel on the ground that his signing a blanket authorization form may result in (a) defendants obtaining sensitive information not related to his claims; (b) defendants inappropriately disclosing sensitive information found in his records; and (c) defendants or someone else destroying or altering his medical records. I consider each of these concerns in turn.

As for defendant's first concern, defendants are not asking for plaintiff's entire medical record; instead, they are asking only for plaintiff to authorize disclosure of medical entries between November 13, 2007 (the date of the incident) and January 1, 2008. Dkt. 61-4. Moreover, the authorization they want plaintiff to sign explicitly does not authorize disclosure of any medical information related to: HIV test results, alcohol and drug abuse treatment or developmental disability information.

Plaintiff's next two concerns, that defendants would recklessly disclose his private medical data or that someone would alter or destroy his medical records, is unfounded. Plaintiff relies on vague anecdotes to suggest that defendants' counsel cannot be trusted with his records, that the custodian of medical records would allow the records to be lost or altered, or that the custodian would disclose more than the narrow authorization permits. Plaintiff has nothing but wild speculation to back up his concerns. To the extent plaintiff is simply concerned that there exists a risk of loss or damage to his records and improper disclosure of his sensitive information, defendants' counsel are now aware of plaintiff's concerns and will be expected to take care to avoid allowing such mistakes.

Plaintiff offers alternative disclosures, all of which involve him serving as his own privacy filter, deciding which of his records are relevant and disclosing only them. Between plaintiff's and defendant's approaches to discovery of plaintiff's medical records, defendant's narrow request is clearly the better approach; plaintiff cannot be trusted to filter out his own records fairly, and defendants' request is sufficiently narrow to avoid senseless intrusion into plaintiff's privacy. Plaintiff has represented that he is "willing to do whatever the court decides is reasonable and appropriate in this matter." Dkt. 63, at 4. Under the present circumstances, it is "reasonable and appropriate" for plaintiff to sign the authorization. Therefore, plaintiff's motion for a protective order will be denied and defendant's motion to compel will be granted.

ORDER

It is ORDERED that plaintiff's motion for a protective order is DENIED and defendant's motion to compel discovery is GRANTED. Plaintiff may have until November 20 in which to sign the authorization form identified in dkt. 61-4. If he refuses to sign the form, he may be subjected to sanctions, including dismissal of his case.

Entered this 14th day of November, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge