IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY M. WINE,

                Plaintiff,                        ORDER

    v.

                                                  08-cv-72-bbc

C.O. PONTOW, *et al.*

                Defendants.

---

JEREMY M. WINE,

                Plaintiff,                        ORDER

    v.

                                                  08-cv-173-bbc

WILLIAM POLLARD, *et al.*

                Defendants.

---

In Wine v. Pollard, 08-cv-173-bbc, a dispositive motions deadline is set for December 15, 2008. In Wine v. Pontow, 08-cv-72-bbc, the dispositive motions deadline was November 10, 2008, on which date defendants moved for summary judgment. A schedule for briefing that motion was established on November 12, 2008. Originally, plaintiff had until December 10, 2008, in which to oppose the motion. Later in the day on November 12, however, the court received a letter from plaintiff asking for a stay of the proceedings in both of these cases, for the reason that prison officials had taken all of his legal materials.

In an order dated November 18, 2008, I denied plaintiff's motion to stay the proceedings, but directed defendants' counsel to investigate plaintiff's allegations of interference and advise the court no later than November 26, 2008, whether action from the court was necessary to restore plaintiff's ability to obtain access to his legal materials so that he could file a timely response to the pending motion for summary judgment in case no. 08-cv-72-bbc. On November 20, 2008, defense counsel reported that after having investigated the matter, it appeared that plaintiff's property was being stored in a unit separate from the unit in which plaintiff was serving segregation time, that plaintiff twice had been offered "allowable property in his status (Program 1), which . . . would include any [papers relating to] current/active litigation," but that plaintiff had refused his property

on both occasions because he did not want just a portion of his property, but *all* of it. Counsel reassured the court that if plaintiff were to ask for his legal property relating to these cases, he would be allowed access to it. In light of defense counsel's response, I entered an order on November 24, 2008, advising plaintiff that I would not alter any deadlines set in his cases.

On November 25, 2008, plaintiff wrote to the court again, contending that defendants had been untruthful when they represented he would be allowed his legal property upon his request. He complained that he was being treated differently from other inmates and retaliated against, and that he should have been allowed to have "all the legal papers, files and books [he] had and need[s]" to adequately prosecute his lawsuits. I construed this submission as a request for an enlargement of time to respond to defendants' motion for summary judgment and, in an order dated December 1, 2008, I granted the motion with respect to case no. 08-cv-72-bbc and denied it as unnecessary with respect to case no. 08-cv-173-bbc. In granting the motion in case no. 08-cv-72-bbc, I told plaintiff that I deemed his motion to include a request directed to prison officials for permission to gain access to his legal materials, which they were to provide to him with all reasonable haste. In addition, I gave him until December 31, 2008, in which to oppose defendants' motion, and told him that if he wanted to pursue his claims for discrimination and retaliation, he would have to file them in a lawsuit separate from his present suits.

Now plaintiff has filed a document titled "Motion for Preliminary Injunction, Contempt of Court Order, Arrest Warrants, and Search Warrants against all Defendants/or Motion for Judgment." Cutting to the heart of this newest submission, plaintiff restates his position that he wants all of his papers, that is, every bit of what he had in his cell from February of 2008 until November 5, 2008, which he admits was in excess of the normal amount of property ordinarily allowed under the prison's rules. According to plaintiff, because prison officials are refusing to give him more than "the allotted limit" with "no extra," he believes he is entitled to an order finding defendants in contempt of the December 1, 2008 order and directing them to immediately return all the papers and books he had in his cell before November 5, 2008. In addition, he wants certain prison officials arrested and charged with conspiracy to obstruct justice and the court to issue a search warrant for the United States Marshal to execute at the prison to locate plaintiff's property in the property storage room. Alternatively, plaintiff asks for judgment in his favor on the merits of his claims.

2

All of plaintiff's requests will be denied. It was never the intention of this court to order that plaintiff be allowed to have more legal property than he is entitled to have in his possession while he is in segregation status. Moreover, it was not this court's intention to require prison officials to give plaintiff legal property that has no bearing on the pending motion for summary judgment in case no. 08-cv-72-bbc or on plaintiff's possible preparation of a motion for summary judgment in case no. 08-cv-173-bbc. Plaintiff does not suggest that if he were to ask for papers relating to one motion in one case at a time, he would be denied those papers, and I have no reason to believe that he would. Plaintiff's obstinate refusal to receive any of his legal property if he cannot have it all is not reasonable. His own stubbornness and lack of focus has compromised his ability to meet this court's deadlines. Although it may be too late for him to file a motion for summary judgment in case no. 08-cv-173-bbc (although this will not prejudice plaintiff, because he still has an opportunity to present his case at trial or in response to a motion for summary judgment defendants might file), if he is so inclined to do so, he can still obtain his legal papers relating to case no. 08-cv-72-bbc so that he can oppose defendants' motion for summary judgment in that case.

Because there is no basis for granting plaintiff's motion, it will be denied.

ORDER

IT IS ORDERED that plaintiff's "Motion for Preliminary Injunction, Contempt of Court Order, Arrest Warrants, and Search Warrants against all Defendants/or Motion for Judgment" (Dkt. #86 in 08-cv-72-bbc and #48 in 08-cv-173-bbc) is DENIED.

Entered this 16th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge