IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                                     ORDER

                   Plaintiff,                              08-cv-72-bbc

     v.

C.O. PONTOW; C.O. MEDEMA; C.O. ROSS;
SGT. LIND; C.O. GLAMMAN; C.O. BOVEE;
SGT. KELLY BEASLEY; and  SGT. NAVIS,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jeremy M. Wine has filed a "Request for Emergency Order to Stay" his case, complaining that he is not being allowed access to certain documents and "evidentiary materials" that he needs to oppose defendants' motion for summary judgment.  Normally, such issues are directed to the United States Magistrate Judge for consideration; however, plaintiff has already presented this issue to the magistrate judge a number of times and has not gotten the response he wanted so he has now directed his request to me.  Plaintiff's newest request could be construed as including an objection under Rule 72(a) to the magistrate judge's December 24, 2008 order denying plaintiff's motion for an injunction and motion for an extension of time to file his opposition materials to defendants' summary

1

judgment motion. However, plaintiff does not attempt to show that the magistrate judge's order was "clearly erroneous or . . . contrary to law" as is required under Rule 72(a). At any rate, it was within Judge Crocker's discretion to decline to extend the summary judgment deadlines and require plaintiff to make do with the materials to which he had access to comply with the deadline, given the information plaintiff had provided in his earlier filings.

However, plaintiff does more than simply point out error by the Magistrate Judge; he adds new information. Judge Crocker concluded that plaintiff did not need access to all his legal materials to prepare for summary judgment because the facts relevant to defendants' motion for summary judgment involve plaintiff's excessive force claims and he can dispute those by testifying about the incident in an affidavit. Plaintiff now asserts that he cannot do even that because the prison will not provide him with access to a notary public or a copy machine. Although usually I would direct such concerns to the magistrate judge, I will address plaintiff's new concerns this one time, if only to avoid further delay in this case.

Before turning to plaintiff's newest concerns, I note first that it is curious that plaintiff has shifted his concerns with his access to legal materials in each motion to raise new obstacles not mentioned in earlier motions (and therefore not addressed in earlier orders). Plaintiff's approach leaves me dubious of his story. Nonetheless, I will give plaintiff the benefit of the doubt and assume that in earlier motions he simply did not describe every issue he faced. At the same time, enough is enough. Plaintiff has had more than ample

2

opportunity to air his concerns with defendants' denial of his access to his legal materials. By this time, he should have listed all the problems he is having. To the extent he has not, he has forfeited them.

At this point, plaintiff's only obstacle to completing his summary judgment materials is his inability to convert his written statement into an affidavit or make copies of his materials. However, he may finish his summary judgment materials without either of these amenities. Although Judge Crocker explained that plaintiff could prepare an "affidavit" to dispute relevant facts, plaintiff has an alternative to preparing an "affidavit" that does not require notary services. Under 28 U.S.C. § 1746, plaintiff may substitute for an affidavit an unsworn statement in which he declares that the statements made are true "under penalty of perjury." To do so, plaintiff need simply insert the following line at the bottom of what he wanted to be notarized: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." Id. Below that statement, plaintiff must sign the document. Id. Plaintiff does not need a copy machine; if he cannot copy the documents mechanically, he may still write out each copy that he requires. (Although it appears that plaintiff does have access to carbon paper, so he may create carbon copies of his opposition materials. Dkt. #97, at 5.)

I will assume that plaintiff was not aware of his ability to finish preparing his materials without an affidavit and will therefore give plaintiff one last extension of time.

However, this extension will be short. At this point, plaintiff has had more than enough time and ability to prepare all the rest of his materials. In other words, I expect that plaintiff has taken full advantage of the extension of time that he already received and has done as much as he could to complete his opposition materials, including preparing his brief and his proposed findings of fact and drafting a statement that he wishes to convert into an affidavit. At this point, it should be little more than writing the required "I swear under penalty of perjury. . ." statement at the bottom of his written testimony, signing the document, and possibly making carbon copies. Therefore, plaintiff may have until January 19, 2009 in which to submit his opposition materials. Assuming plaintiff complies with this new deadline, defendants may have until January 29, 2009 in which to submit a reply brief and a response to any additional proposed findings of fact. If plaintiff does not comply, I will consider his motion withdrawn.

ORDER

IT IS ORDERED that Plaintiff's "Request for Emergency Order to Stay" the case, dkt. #97, is GRANTED in part; plaintiff may have until January 19, 2009 in which to submit his opposition materials to defendants' motion for summary judgment. Defendants may have until January 29, 2009 in which to submit a reply brief and a response to any

additional proposed findings of fact. If plaintiff fails to respond by January 19, 2009, I will consider his motion withdrawn.

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge