IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                                OPINION and ORDER

           Plaintiff,                        08-cv-72-bbc

    v.

BILLY PONTOW; MARC MEDEMA; SCOTT
ROSS; BONNIE LIND; MICHAEL GLAMMAN II;
ANTHONY BOVEE; KELLY BEASLEY; and
PAUL NAVIS,[1]

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Jeremy M. Wine alleges that defendants Billy Pontow, Marc Medema, Michael Glamman II, Anthony Bovee, Kelly Beasley and Scott Ross violated his Eighth Amendment rights on November 13, 2007, by using excessive force against him and throwing urine on him and defendants Bonnie Lind, Paul Navis, Pontow, Medema, Glamman and Bovee violated his Eighth Amendment rights by refusing to allow him to shower after he had been doused in urine. Defendants have filed a motion for summary

---

[1] In his amended complaint, plaintiff had not identified the first names of defendants. Defendants have now provided them. I have amended the caption accordingly.

1

judgment.

In support of their motion for summary judgment, defendants propose facts supported by evidence that (a) the only force defendants used against plaintiff on November 13, 2007, involved directing him to the wall "in a controlled manner," directing him to the ground "in a controlled manner" by controlling his descent and stabilizing his head and applying restraints to him, all of which occurred in the context of plaintiff's acting in a threatening and combative manner and refusing to stop resisting the officers; (b) defendants did not throw urine on plaintiff; and (c) plaintiff did not ask for a shower that night or tell defendants he was doused in urine. Plaintiff was given instructions on how to respond properly to motions for summary judgment, which require him to cite to evidence in the record to support any response to defendant's proposed findings of fact and any additional finding of fact plaintiff proposes. Procedure to Be Followed on Motions for Summary Judgment, I.B.2. and II.D.2, and Memorandum to Pro Se Litigants Regarding Summary Judgment Motions in Cases Assigned to Judge Crabb, attached to Preliminary Pretrial Conference Order (June 11, 2008), dkt. #43.

Plaintiff failed to follow these instructions. None of his responses to defendant's proposed findings of fact or his proposed additional findings of fact are supported by evidence. Therefore, pursuant to this court's rules, they must be disregarded. Although plaintiff may believe it is unfair to disregard his proposed findings of fact and responses, they

2

cannot be considered because they have no grounding in evidence. Moreover, although plaintiff did submit a sworn statement that he does not cite in his proposed findings of fact or responses, I cannot consider that evidence because defendants were not given a fair opportunity to challenge that evidence in light of plaintiff's failure to follow this court's rules. Finally, plaintiff is no novice to litigation. He has filed at least 13 lawsuits in this district. By now, he should know how to follow the court's instructions.

Because of plaintiff's failure to follow this court's procedure, the undisputed facts establish that the only force defendants used against plaintiff on November 13, 2007, involved securing his arms, escorting him to his cell, directing him to the wall "in a controlled manner," directing him to the ground "in a controlled manner" by controlling his descent and stabilizing his head and applying restraints to him, all of which occurred because plaintiff was acting in a threatening and combative manner and refusing to stop resisting the officers. In light of these facts, no reasonable jury could find defendant's force was applied "maliciously and sadistically to cause [plaintiff] harm." Hudson v. McMillan, 503 U.S. 1, 6-7 (1992). In addition, the undisputed facts establish that defendants did not throw urine on plaintiff and plaintiff never asked to use a shower or told defendants that he had been doused with urine. Thus, plaintiff has failed to establish an Eighth Amendment violation in relation for these alleged acts as well. Defendants' motion for summary judgment will be granted.

3

I note that even if I had considered plaintiff's declaration, I would have to grant defendant's motion for summary judgment. At the summary judgment stage, plaintiff must do "something more specific than [make a] bald assertion of the general truth of a particular matter"; plaintiff must submit evidence of "specific concrete facts establishing the existence of the truth of the matter asserted." Drake v. Minnesota Mining & Manufacturing Co., 134 F.3d 878, 887 (7th Cir. 1998); Fed. R. Civ. P. 56(e)(2). Although defendants provide a detailed account of what each defendant did during the incidents at issue on November 13, 2007 and November 14, 2007, plaintiff does not attempt to rebut defendant's story by providing his own in any detail. Instead, plaintiff makes only general statements regarding the incident. For example, rather than specify what each defendant did, plaintiff lists six defendants and states that "they" dragged him down the hall and "they" punched and kicked and choked him and slammed his head against the wall. Likewise, plaintiff states that "at no time" did he resist staff, and simply lists defendants that he states threw cups of urine on him and those he states refused to let him shower. Such vague statements do not sufficiently identify exactly what each defendant did or describe the context and cannot create a dispute regarding defendant's specific description of the incidents in question.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Billy

4

Pontow, Marc Medema, Scott Ross, Bonnie Lind, Michael Glamman II, Anthony Bovee, Kelly Beasley and Paul Navis, dkt. #65, is GRANTED. The clerk is directed to enter judgment in favor of defendants and close this case.

Entered this 3rd day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5