IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                                  OPINION and ORDER

               Plaintiff,                            08-cv-72-bbc

     v.

BILLY PONTOW, MARC MEDEMA, SCOTT
ROSS, BONNIE LIND, MICHAEL GLAMMAN II,
ANTHONY BOVEE, KELLY BEASLEY and
PAUL NAVIS,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered March 3, 2009, I granted defendants' motion for summary judgment. Now plaintiff has filed a "motion for relief from judgment entered on 3/3/09 and reconsideration of that ordered judgment and notice of appeal [and] motion for judgment in the plaintiff's favor due to the perjury of the defendants and fraud they committed on this court," which I construe as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), a motion for relief from the judgment under Fed. R. Civ. P. 60(b)(3) and in the alternative a notice of appeal. Plaintiff contends that it was error to grant defendants' motion for summary judgment for his failure to follow this court's rules because the court

1

gave him instructions that conflicted with those rules. He seeks relief from judgment because he now has evidence that defendants committed perjury in their affidavits. Plaintiffs' motions will be denied. He was never told that he could disregard the court's rules and the only evidence that he presented in opposition to defendant's motion for summary judgment is not sufficiently specific to meet the requirements of Rule 56. Moreover, plaintiff has no evidence that defendants committed perjury or otherwise engaged in fraud, misrepresentation or misconduct that would warrant setting aside the judgment under Rule 60. As for plaintiff's notice of appeal, I construe that notice to include a request for leave to proceed on appeal in forma pauperis. That request will be denied because plaintiff has struck out under 28 U.S.C. § 1915(g) and has not shown that he is in imminent danger of serious physical injury. Therefore, plaintiff will owe the full $ 455 filing fee immediately.

OPINION

In this case, plaintiff Jeremy M. Wine started out with a 71-page rambling complaint, but after two attempts to repair it and a partial summary judgment dismissing one of his claims for failure to exhaust, plaintiff was left with three very simple claims: he alleged that defendants beat him, doused him in urine and refused to provide him a shower afterwards. Despite plaintiffs' simple claims, when defendants filed a motion for summary judgment stating that they did not use excessive force on him, douse him in urine or refuse to give him

2

a shower after being told he was doused in urine, plaintiff took more than two months to respond to defendants' motion, filing several "emergency" motions with increasingly unlikely stories of prison officials' attempts to withhold his papers, which he contended contained documents that could prove his claims. Ultimately, plaintiff was told his claims did not require documentary evidence because he could submit evidence in the form of his own testimony providing his version of the events in question.

When plaintiff finally filed his opposition materials, they were incomplete and woefully inadequate. His responses to defendant's proposed findings of fact and his own proposed findings of fact did not cite to evidence to support the statements. As for his evidence, it consisted of one single declaration containing nothing more than conclusory statements regarding the incidents in question. As a result, I concluded that defendants were entitled to summary judgment. Now plaintiff states that his failure to comply with the court's rules should be excused because "[Magistrate] Judge Crocker and Judge Crabb told the plaintiff in writing in their orders on 12/24/08 and 1/9/09 . . . that all he had to do is submit a affidavit or declaration to dispute the facts alleged by the defendants." Plaintiff is mistaken; neither Magistrate Judge Crocker nor I told plaintiff that he did not need to submit proposed findings of fact. Although Judge Crocker told plaintiff that "[i]t is hard to see why plaintiff would need anything more than his own affidavit testimony to dispute the relevant facts," he did not suggest that this was *all* plaintiff needed, instead explaining that

3

"[p]laintiff should focus on the materials that he has and his own memory of the relevant events to prepare his opposition to defendants' motion for summary judgment." Dkt. #96, at 1-2. Any possibility of misinterpreting plaintiff's need to follow the court's rules for opposing motions for summary judgment was cleared up when I reconsidered Judge Crocker's order and allowed plaintiff a brief extension of time to prepare a declaration to provide his side of the story:

> At this point, plaintiff's only obstacle to completing his summary judgment materials is his inability to convert his written statement into an affidavit or make copies of his materials . . . . [P]laintiff has had more than enough time and ability to prepare all the rest of his materials.  In other words, I expect that plaintiff has taken full advantage of the extension of time that he already received and has done as much as he could to complete his opposition materials, including preparing his brief and his proposed findings of fact and drafting a statement that he wishes to convert into an affidavit. At this point, it should be little more than writing the required "I swear under penalty of perjury. . ." statement at the bottom of his written testimony, signing the document, and possibly making carbon copies.

Dkt. #98 at 3-4.  Plaintiff knew that he was to follow the court's rules.  Indeed, if he thought all he needed was a declaration, why did he submit proposed findings of fact at all?

Even if the court had given plaintiff conflicting information about the need to follow the rules, this would not be enough to warrant altering or amending the judgment under Rule 59 because, as I told plaintiff, the only evidence he submitted was not sufficiently specific to meet the requirements of Rule 59.  Plaintiff does not argue that this conclusion was in error.  I am not persuaded that it was error to disregard his proposed findings of fact

4

and treat as undisputed defendants' version of the story.

As for plaintiff's motion to set aside the judgment under Rule 60(b)(3), he contends that defendants would not have prevailed on summary judgment as to his claim that they failed to provide him a shower after dousing him in urine had they not made false statements in their affidavits, which he contends was "fraud, misrepresentation, or misconduct by an opposing party." However, the only evidence plaintiff has to back up this serious allegation is an unauthenticated log book in which one guard notes that plaintiff "appears to have urinated on the floor" and later defendant Navis's note that plaintiff was "standing at the door, wants clothes and shower." Defendants do not aver that plaintiff never asked for a shower, only that he did not ask for a shower "due to being doused with urine" during the time in question. Although defendants' careful statements may have suggested that plaintiff never asked for a shower at all, they are not misleading enough to be fraud, misrepresentation or misconduct under Rule 60(b)(3). Plaintiff's claim was that defendants denied him a shower knowing that he had been doused in urine; defendants did not need to say any more than that they did not know that he was doused in urine. That is what they did.

Having decided plaintiff's Rule 59 and Rule 60 motions, I turn to consider his notice of appeal, Fed. R. App. P. 4(a)(4)(B)(i) (notice of appeal effective upon disposal of last post-judgment motion), which I construe as a request for leave to proceed in forma pauperis on

5

appeal. Unfortunately for plaintiff, he has incurred more than three strikes under 28 U.S.C. § 1915(g). In all the following cases, plaintiff had one or more claim dismissed on the ground that it was frivolous or failed to state a claim upon which relief may be granted: Lemberger v. Litcher; 01-cv-157-jcs; (decided May 4, 2001); Wine v. Perlich, 99-cv-00639-jcs (decided October 27, 1999); Wine v. Beloungy, 93-cv-645-jcs (decided September 28 1993); Wine v. Pasell, 93-cv-614-jcs (decided September 14, 1993). Therefore, he is not eligible to seek pauper status on appeal unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because plaintiff's claims involve incidents that occurred in the past, I cannot conclude that he is in imminent danger of serious physical injury and he will not be able to take advantage of the initial partial payment provision of § 1915. He owes the $ 455 fee for filing an appeal in full immediately.

Plaintiff may challenge my decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status in the court of appeals within thirty days of the date he receives this order. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to deny plaintiff's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $ 455 filing fee payment will be due in full immediately.

6

Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to this court at the appropriate time. Also, whether the court of appeals allows plaintiff to pay the fee in installments or agrees with this court that he owes it immediately, plaintiff's obligation to pay the fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy M. Wine's motion to alter or amend the judgment under Fed. R. Civ. P. 59 or to set aside the judgment under Fed. R. Civ. P. 60, dkt. #111, is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #111, is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g) and the issues he intends to raise on appeal do not qualify for the imminent danger exception to § 1915(g).

3. The clerk of court is directed to insure that plaintiff's obligation to pay the $455

filing fee is reflected in this court's financial records.

Entered this 9th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8